IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONOR BRIAN FITZPATRICK<br><br>a/k/a "Pompompurin",<br><br>*Defendant*. | Case No. 1:23-CR-119 (LMB) |

**UNITED STATES' MOTION TO DISCLOSE
DEFENDANT'S PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through undersigned counsel, and files its Motion to Disclose Defendant's Presentence Investigation Report to the Bureau of Prisons (BOP). Upon information and belief, the defendant opposes the motion.

The defendant was convicted of conspiracy to commit access device fraud, access device fraud, and possession of child pornography, and sentenced to time served and a 20-year term of supervised release. *See* Dkt. 40 (Plea Agreement)*,* 73 (Judgment). The government appealed the sentence, the appeal was granted, and the case was remanded for resentencing. *See* Dkt. 86 (Opinion of Court of Appeals), 87 (Judgment of Court of Appeals). The resentencing hearing is scheduled for June 3, 2025. In advance of resentencing, the government has requested reports from staff at the BOP and a forensic psychologist, related to (1) the defendant's medical diagnoses, as detailed in the Presentence Investigation Report (PSR), and (2) the services and treatment available to inmates with similar diagnoses in BOP facilities. The defendant does not consent to providing the PSR to BOP, although he has agreed that the government may provide

1

the PSR to the forensic psychologist. Accordingly, the government requests this Court enter an order authorizing the government to share the defendant's PSR (Dkt. 63) with BOP to ensure that their report relies on a complete record. In support of its motion, the government states the following:

1. On March 15, 2023, the defendant was arrested pursuant to a criminal complaint and arrest warrant, which charged him with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2). Dkt. 1, 2.

2. On July 13, 2023, pursuant to a plea agreement, the defendant pleaded guilty to a criminal information charging him with conspiracy to commit access device fraud, in violation of 18 U.S.C. §§ 1029(b)(2) and 3559(g)(1) (Count 1); solicitation for the purpose of offering access devices, in violation of 18 U.S.C. §§ 1029(a)(6) and 2 (Count 2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 3). Dkt. 40. Sentencing was scheduled for January 19, 2024.

3. The Probation Office prepared a PSR in advance of sentencing. *See* Dkt. 63. The PSR indicated that the defendant suffered from certain mental health issues, and referenced a psychiatric evaluation of the defendant conducted in May 2023. Three days before sentencing, the defendant submitted two additional psychological evaluations, completed in August 2023 and December 2023 respectively, along with his sentencing memorandum. *See* Dkt. 69, 69-2, 69-3.

4. At sentencing, the defendant argued for a variant sentence for time served based on his medical diagnosis and other personal characteristics. Dkt. 69 at 1, 5.

5. As is relevant here, the August 2023 report provided that individuals with the same diagnoses as the defendant face unique challenges in prison, including social communication challenges, sensory sensitivities, difficulty adapting to routine changes, and are at an increased risk of co-occurring mental health conditions. Dkt. 69-2 at 11.  In the December 2023 report, a second psychologist recommended, among other things, that the defendant receive ongoing therapy with a specialist. Dkt. 69-3 at 13.  She also stated that the recommendations contained in the August 2023 report "be incorporated to the fullest extent possible." *Id*.

6. At the sentencing hearing on January 19, 2024, the Court directed these psychological evaluations be made part of the PSR.  *See* Dkt. 77 at 2-3.

7. At sentencing, the government recommended a sentence of 188 months, the low end of the defendant's Guidelines range.

8. The Court sentenced the defendant to time-served on each count and cited to the defendant's mental health history and concerns about how the defendant would fare in BOP custody.  *See* Dkt. 77 at 22-25.

9. The government subsequently appealed the sentence of the Court.  The government's appeal was granted, and the case was remanded for resentencing.  The resentencing hearing is scheduled for June 3, 2025.

10. In advance of the defendant's resentencing hearing, the government is seeking to obtain information from BOP regarding the types of care and treatment options available to BOP inmates with similar medical diagnoses as the defendant.  In communications with BOP staff in the Psychology Services Branch, BOP indicated to the government that it would be difficult to provide detailed information about BOP

services without knowing more about the defendant. Essentially, services differ based on how high functioning an individual is and the security classification and designation of the individual. BOP indicated that it would be helpful to review the defendant's PSR, including his past psychological evaluations, to provide more specific information about the types of treatment and services he might receive if sentenced to a term of incarceration.

11. The government asked defense counsel if the defendant would consent to disclosure of the PSR to BOP pursuant to a protective order. Per defense counsel, the defendant did not consent to disclosure of this material. Accordingly, the government respectfully requests that the Court enter an order authorizing disclosure of the PSR (including the evaluations) to BOP.

12. PSRs are prepared by probation officers for the court's use in sentencing; they are not public documents subject to prosecutorial control. *United States v. Walker*, 491 F.2d 236, 238 (9th Cir. 1974).

13. Under 18 U.S.C. § 3552(d) and Federal Rule of Criminal Procedure 32(e)(2), PSRs are to be provided to the defendant, the defendant's counsel, and the attorney for the Government. The rules do not specifically address the release of PSRs to BOP prior to sentencing, though it is well established that they are confidential, non-public, documents. *United States v. Martinello*, 556 F.2d 1215, 1216 (5th Cir. 1977) ("Presentence reports are not public records but rather confidential reports to the trial judge for use in [his or her] effort to arrive at a fair sentence.").

14. "In order to ensure the availability of as much information as possible to assist in sentencing, the courts have generally determined that presentencing reports should be

held confidential." *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1171 (2d Cir. 1983); (citing *Martinello,* 556 F.2d at 1216; *United States v. Greathouse,* 484 F.2d 805, 807 (7th Cir.1973); *United States v. Fischer,* 381 F.2d 509, 511–13 (2d Cir.1967), *cert. denied,* 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185 (1968)).

15. Confidentiality of a PSR is not absolute, however. The Court can, and sometimes does, order disclosure of the PSR to third parties under certain circumstances. Indeed, "the district courts have substantial supervisory powers over their records and files." *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003); *Nixon v. Warner Commun., Inc.,* 435 U.S. 589, 98 S. Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). "Control over these documents is a discretionary matter with the district court." *Id*; *see also United States v. Schlette,* 842 F.2d 1574, 1577 (9th Cir.1988), *amended by* 854 F.2d 359 (9th Cir.1988).

16. Generally, courts have required "some showing of special need before they will allow a third party to obtain a copy of a presentence report." *U.S. Dep't of Just. v. Julian*, 486 U.S. 1, 12, 108 S. Ct. 1606, 1613, 100 L. Ed. 2d 1 (1988). And the Fourth Circuit has indicated disclosure of a PSR to a third party is proper when doing so "is required to meet the ends of justice." *United States v. Figurski,* 545 F.2d 389, 391 (4th Cir.1976). Further, "[a] central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources." *Charmer Industries, Inc*., 711 F.2d at 1177; *see also In re Morning Song Bird Food Litigation*, 831 F.3d 765, 779 (6th Cir. 2016).

17. Here, the defendant's mental health diagnoses and BOP's ability to provide appropriate care were central concerns for the Court at the defendant's first

5

      sentencing hearing. The report requested from BOP will likely assist with the Court's consideration of these issues at resentencing. As noted above, BOP has indicated that having these materials would assist them in providing more specific information about the treatment and services the defendant could receive if sentenced to a term of incarceration. Accordingly, to ensure the defendant's mental health diagnoses are adequately addressed at resentencing, the government has a clear special need to share the PSR and prior psychological reports with BOP staff.

18. Further, the ends of justice will be served by sharing the PSR and psychological reports with BOP staff because it will lead to the preparation of a report containing information important to the Court's consideration of a new sentence. The requested disclosure is also narrowly scoped to address the government's special need. For instance, the BOP would normally receive the PSR and its attachments if the defendant were sentenced to prison, as a matter of course. The government's current request merely seeks to disclose these records to BOP earlier. In addition, as previously noted, the government is willing to provide the PSR to BOP under a protective order, thereby lessening any concern about protecting the confidentiality of the information in the PSR or the chilling effect that it might have on individuals who contribute information to PSRs. The PSR would remain confidential and would not be available to the public.

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to disclose the defendant's PSR, including the August 2023 and December 2023 psychological evaluations, to BOP.

Date: April 4, 2025                               Respectfully submitted,

                                                  Erik S. Siebert
                                                  United States Attorney


                                    By:  _____/s/_____
                                                  Lauren Halper
                                                  Assistant United States Attorney
                                                  Office of the United States Attorney
                                                  2100 Jamieson Avenue
                                                  Alexandria, Virginia 22314
                                                  (703) 299-3700
                                                  Email: Lauren.Halper@usdoj.gov

                                                  AND

                                                  Aarash A. Haghighat
                                                  Senior Counsel
                                                  Department of Justice
                                                  Computer Crime and Intellectual Property Section

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By:     /s/
      Lauren Halper
      Assistant United States Attorney
      United States Attorney's Office
      2100 Jamieson Ave.
      Alexandria, Virginia 22314
      Phone: 703-299-3700
      Email: Lauren.Halper@usdoj.gov